**IN THE COURT OF APPEALS OF IOWA**

No. 19-1929
Filed December 16, 2020


**UNITED FIRE & CASUALTY CO. and GREAT PLAINS ORTHOTICS & PROSTHETICS, INC.,**
        Petitioners-Appellants,

**vs.**

**JAMES HESSENIUS,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


        Great Plains Orthotics & Prosthetics, Inc. and its insurer United Fire & Casualty Co. appeal the district court's ruling on judicial review affirming the decision of the workers' compensation commissioner to award a partial commutation of James Hessenius's workers' compensation benefits. **AFFIRMED.**


        Kent M. Smith of Smith Mills Schrock Blades P.C., West Des Moines, for appellant.

        Emily Anderson of RSH Legal, P.C., Cedar Rapids, for appellee.


        Heard by Doyle, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Great Plains Orthotics & Prosthetics, Inc. and its insurer United Fire & Casualty Co. (collectively, "United Fire") appeal the district court's ruling on judicial review affirming a decision of the workers' compensation commissioner (commissioner) awarding a partial commutation of James Hessenius's workers' compensation benefits. We agree with the district court that the commissioner's decision is supported by substantial evidence and is not otherwise in error. Therefore, we affirm.

In a prior arbitration decision, Hessenius was awarded permanent total disability benefits resulting from a work-related shoulder injury in the amount of $1300.00 per week. Hessenius later filed a petition for partial commutation, seeking to commute all but the final week of his benefits for a total payment of $1,052,187.50.[1] Following a hearing, a deputy commissioner issued an arbitration decision awarding a partial commutation but only for the amount needed to pay off the mortgage on Hessenius's home—approximately $100,000.00—plus the attorney fees associated with the payoff amount. Hessenius appealed within the agency, and the commissioner awarded Hessenius the full amount of the commutation he requested. United Fire sought judicial review, and the district court affirmed the commissioner.

---

[1] Prior to Hessenius's commutation petition, United Fire filed a petition for review-reopening. The two petitions were combined into one proceeding with one hearing on both petitions. The deputy found United Fire failed to show a change in Hessenius's condition and denied the review-reopening petition. United Fire did not appeal this decision to the commissioner, and the review-reopening is not an issue on judicial review.

"Judicial review of agency decisions is governed by Iowa Code section 17A.19" (2019). *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 530 (Iowa 2017) (quoting *Kay-Decker v. Iowa State Bd. of Tax Rev.*, 857 N.W.2d 216, 222 (Iowa 2014)). "We 'apply the standards of section 17A.19(10) to determine if we reach the same results as the district court.'" *Id.* (quoting *Renda v. Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 10 (Iowa 2010)). We "may properly grant relief if the agency action prejudiced the substantial rights of the petitioner and if the agency action falls within one of the criteria listed in section 17A.19(10)(a) through (n)." *Id.*

United Fire argues the commissioner's decision is not supported by substantial evidence. Iowa Code § 17A.19(10)(f). "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance. *Id.* § 17A.19(10)(f)(1). "The commissioner, as trier of fact, has a duty to weigh the evidence and measure the credibility of witnesses." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Id.* "Our task, therefore, is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence, viewing the record as a whole, supports the findings actually made." *Id.*

United Fire also argues the commissioner "did not consider a relevant and important matter relating to the propriety or desirability of the action in question

that a rational decision maker in similar circumstances would have considered prior to taking that action." Iowa Code § 17A.19(10)(j).

A person seeking commutation of future workers' compensation benefits "to a present worth lump sum payment" must prove certain conditions to the commissioner, including "that such commutation will be for the best interest of the person" seeking commutation. *Id.* § 85.45(1)(b) (2016). Our supreme court has set forth the following factors for the commissioner to consider in making this determination:

> 1. The worker's age, education, mental and physical condition, and actual life expectancy (as contrasted with information provided by actuarial tables).
> 2. The worker's family circumstances, living arrangements, and responsibilities to dependents.
> 3. The worker's financial condition, including all sources of income, debts and living expenses.
> 4. The reasonableness of the worker's plan for investing the lump sum proceeds and the worker's ability to manage invested funds or arrange for management by others (for example, by a trustee or conservator).

*Dameron v. Neumann Bros., Inc.*, 339 N.W.2d 160, 164 (Iowa 1983). "[C]ommutation turns on what is in the best interest of the worker." *Id.* at 165.

Hessenius was born in 1952. He graduated from high school and then completed a plumbing and pipefitting apprenticeship. Hessenius experienced an injury working as a pipefitter, and he used a resulting workers' compensation settlement to go to college and earn a bachelor's degree, enabling him to become certified as a prosthetics and orthotics technician. Hessenius was working as a certified prosthetics and orthotics technician when he suffered the injury at issue in this case. Hessenius lives with his wife of over forty years. Hessenius has multiple children and grandchildren, but no one depends on him for financial

support. He and his wife have accumulated substantial retirement accounts. However, during the commutation hearing, Hessenius expressed concern that, upon his death, his weekly workers' compensation benefits would end and his wife would be "left with nothing."

For the commutation hearing, Hessenius provided a chart showing he has a monthly household income of $8545.68 from workers' compensation benefits and retirement funds. Another chart shows monthly expenses of $7637.52. The commutation would eliminate his regular workers' compensation benefits, reducing his monthly income by $3755.56 ($866.67 per week) after attorney fees. He testified he wants to use part of the commutation to pay off his mortgage debt, which would reduce his monthly expenses by $1200.00. He wants to invest the rest of the commutation and has spoken to multiple financial advisors about "very, very conservative" investments. One of these advisors prepared a commutation report after meeting with Hessenius. The advisor opined Hessenius's "plan for investing the money is sound and is based upon common and acceptable investment standards." The advisor concluded: "Considering [Hessenius's] level of education, investment experience, financial stability and the potential to leave an inheritance, it is my recommendation that a partial commutation be awarded. In fact, I cannot find a single reason to deny [Hessenius's] request." The commissioner relied on this evidence in finding the commutation is in Hessenius's best interest.

United Fire argues this conclusion was in error because Hessenius did not explain how he would make up the shortfall in his budget without the weekly workers' compensation benefits. However, the commissioner noted Hessenius

testified he intended to invest the majority of the commutation payment "to provide a stream of income." While a commutation petitioner is not explicitly required to prove how he or she plans to make up for lost workers' compensation payments, Hessenius showed he intends to use the stream of income from the commutation payment to make up the shortfall in his budget. *See Dameron*, 339 N.W.2d at 164 (requiring courts to consider a worker's financial condition, but not specifically requiring a showing of how the worker intends to make up for commuted payments).

United Fire also argues Hessenius's investment plan is too vague to support commutation. Hessenius did not describe a specific investment plan, but he testified to the steps he has taken to arrive at a "very, very conservative" investment strategy. Hessenius testified he met with multiple financial planners to research his investment options. He submitted into evidence a personalized "Client Portfolio Report" from one financial planner, which includes several recommended investment products. In granting the commutation, the commissioner noted Hessenius's extensive research into investments and his history of personal responsibility, including using a prior workers' compensation settlement to go to college.

The commissioner ultimately found commutation in Hessenius's best interest, stating:

> Considering the factors set forth in *Dameron*, [339 N.W.2d at 164,] discussed above, and claimant's stated desire to receive the partial commutation and his desire to provide financial security for his spouse, I note claimant's age, education, family circumstances, living arrangements, and lack of debt beyond his mortgage, weigh in favor of granting the partial commutation. In addition, claimant's demonstrated ability to handle money, including a prior lump sum

workers' compensation award which claimant used to obtain a bachelor's degree and embark on a 25-year career as a certified prosthetist and orthotics technician, as well as his prior investments that have accumulated into substantial retirement accounts, all weigh heavily in favor of granting the requested partial commutation.

Hessenius's testimony and exhibits, as described above, provides substantial evidence to support this decision. *See* Iowa Code § 17A.19(10)(f). The commissioner also showed he fully examined the four factors in *Dameron*, 339 N.W.2d at 164, and we find no relevant and important matter the commissioner failed to consider. *See* Iowa Code § 17A.19(10)(j). Therefore, we affirm the district court's ruling affirming the commissioner's decision.

**AFFIRMED.**